IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAREN DUTTERER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS KALPERIS | : | NO. 10-6889 |
| INTERNATIONAL, INC. | : | |

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.** February 4, 2011

**I.      Introduction**

Plaintiff Darren Dutterer filed this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), claiming that the debt collection letter sent to him by law firm Thomas Kalperis International, Inc. ("Defendant") failed to properly validate the debt as required by the FDCPA. Specifically, Plaintiff alleged in his Complaint (ECF No. 1) that the collection notice violated the FDCPA by (1) requiring Plaintiff to supply Defendant with "substantive information proving payment" in order to dispute the debt, and (2) not informing Plaintiff that he has the option to dispute a "portion" of the debt. Presently before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will deny the motion.

**II.     Factual and Procedural History**

According to Plaintiff's Complaint, Defendant sent him a letter dated May 12, 2010 ("the collection notice") concerning a consumer debt that Plaintiff allegedly owed to Defendant's client. Compl. ¶ 10. The collection notice contains the following language regarding validation of the debt:

> We have supporting materials validating this debt. Unless you supply us with substantive information providing payment within 30 days after receipt of this notice, we will consider this a valid claim. If you provide us with a dispute within 30 days we will investigate your dispute and obtain verification. The findings of said dispute resolution will be made available to you via mail.

Compl. Ex. A (ECF No. 1-1).

On November 23, 2010, Plaintiff filed this action for damages against Defendant, alleging one count of violation of the Fair Debt Collection Practices Act. Compl. ¶ 16. On December 23, 2010, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 5). Plaintiff filed his opposition to Defendant's Motion to Dismiss on January 7, 2011. (ECF No. 7). Defendant replied on January 14, 2011. (ECF No. 8).

### III. The Parties' Contentions

Defendant contends that the collection notice provided Plaintiff with an adequate validation notice as required by the FDCPA. Defendant argues that the FDCPA does not require that debt collector to use the specific language of the statute in the communication to the debtor. Def.'s Mot. Dismiss ¶ 15; Def.'s Mem. Support 3. Defendant further argues that Plaintiff did not allege that the validation notice was overshadowed or contradicted by other messages from the debt collector, or that the letter caused Plaintiff to be confused as to his rights under the FDCPA. Def.'s Mot. Dismiss ¶¶ 23-24; Def.'s Mem. Support 3-4.

Plaintiff responds that the validation notice can reasonably be read to have multiple meanings, at least one of which is inaccurate. Pl.'s Opp. 4-5. Plaintiff argues that by requiring the debtor to provide proof of payment, the validation notice is deceptive as to the debtor's rights. Pl.'s Opp. 6-7. Furthermore, Plaintiff contends that the omission of language notifying

the debtor of the option to dispute a portion of the debt may affect the debtor's decision to dispute or seek verification. Pl.'s Opp. 9.

## IV. Legal Standard

### A. Jurisdiction

The Court has jurisdiction over this FDCPA action pursuant to 28 U.S.C. § 1331, because this case arises under the laws of the United States, and 15 U.S.C. § 1692k(d), which grants the district courts original jurisdiction over any action to enforce liability created by the FDCPA within one year of the date of the violation.

### B. Motion to Dismiss

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), the district court must read the complaint in the light most favorable to plaintiff and accept all factual allegations in the complaint as true. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The could need not accept legal conclusions in the complaint as true. Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010) (citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)). The complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the threshold of facial plausibility, "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,"are insufficient to establish plausible allegations to survive the motion. Id. at 1949. The district court takes into consideration the complaint and exhibits attached to the complaint in

deciding the motion to dismiss.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**V.      Discussion**

The purpose of the FDCPA is to rein in "abusive, deceptive, and unfair debt collection practices." 15 U.S.C.A. § 1692(a); see also 15 U.S.C.A. § 1692(e).  The FDCPA is a strict liability statute.  Allen ex rel. Martin v. LaSalle Bank, N.A., No. 09-1466, --- F.3d ----, 2011 WL 94420, at *3 (3d Cir. Jan. 12, 2011).  Courts broadly construe the FDCPA to effect its remedial purpose.  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)).

The FDCPA mandates that a debt collector send a written notice to the consumer within five days after the initial communication to the consumer that includes the following information:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Communications that form the basis of FDCPA claims are "analyzed from the perspective of the least sophisticated debtor," a standard lower than a "reasonable debtor."

Rosenau, 539 F.3d at 221 (citing Brown, 464 F.3d at 454; Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)). Although the "least sophisticated debtor" standard establishes a low bar, a court will not impose "'liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" Quadramed, 225 F.3d at 354-55 (3d Cir. 2000) (quoting Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)). In the Third Circuit, it is a question of law whether language in a debt collector's communication to the debtor contradicts or overshadows the required validation notice. Id. at 353 n.2.

The debt collector's letter to the debtor is "not required to quote directly from the language of the statute," but rather "the notice [must] inform sufficiently a least sophisticated debtor of his debt validation rights." Smith v. Hecker, No. Civ. A. 04-5820, 2005 WL 894812, at *5 (E.D. Pa. Apr. 18, 2005) (denying motion to dismiss FDCPA claim where validation notice did not inform plaintiff that her debt would be assumed valid by the debt collector). The validation notice must "effectively" explain the debtor's rights, and not "be overshadowed or contradicted by accompanying messages from the debt collector." Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991).

The Court evaluates Plaintiff's two specific challenges to the collection notice: (1) the requirement that the debtor provide substantive proof of payment in order to dispute the debt, and (2) the omission of notice that the debtor may dispute a "portion" of the debt, such as interest or collection fees.

### A. Requirement That Debtor Provide Substantive Proof of Payment

Under the least sophisticated debtor standard, a validation notice that could be

"'reasonably read to have two or more different meanings, one of which is inaccurate,'" is considered deceptive. Quadramed, 225 F.3d at 354 (quoting Russell v. Equifax A.R.S. 74 F.3d 30, 35 (2d Cir. 1996); see also Graziano, F.2d at 111 ("the juxtaposition of two inconsistent statements also rendered the statutory notice invalid under section 1692g"). In Quadramed, the Third Circuit held that a debt collector's letter requesting that the debtor "pay this bill immediately" but also providing the required validation notice was permissible, because the language regarding immediate action "neither overshadow[ed] nor contradict[ed] the validation notice." Id. at 356 (affirming the district court's dismissal of plaintiff's FDCPA claim). By contrast, in Brown, the Third Circuit held that a debt collector's letter informing the debtor he had "five (5) days to make arrangements for payment of this account," and that "[r]efusal to cooperate could result in a legal suit being filed for collection of the account," stated a claim for violation of the FDCPA. Brown, 464 F.3d at 451-52, 456. Analyzed from the perspective of the least sophisticated debtor, the letter in Brown sent a misleading message that litigation would be imminent. Id. at 455 (reversing the district court's dismissal of an FDCPA claim).

Here, as in Brown, the collection notice contains inconsistent statements and could be read by the least sophisticated debtor to have multiple and inaccurate meanings. The collection letter first instructs the debtor to "supply us with substantive information proving payment within 30 days" to avoid the debt collector's determination that the claim is valid. This message could overshadow the next sentence, which tells the debtor to "provide us with a dispute within 30 days" for the debt collector to investigate and obtain verification. From the perspective of the least sophisticated debtor, the notice could give the impression that the debtor has to do more than merely notify the debt collector of the dispute. The collection notice could confuse the least

sophisticated debtor as to his burden when he receives the validation notice. Therefore, the Court finds that Plaintiff has stated a plausible claim of an FDCPA violation.

### B.     Omission of Option to Dispute A Portion of the Debt

The plain language of the FDCPA requires the debt collector to notify the debtor that he may dispute "the debt, or any portion thereof." 15 U.S.C. § 1692g(a)(3). In Baker v. G. C. Servs. Corp. 677 F.2d 775 (9th Cir. 1982), the Ninth Circuit held that the defendant debt collector violated the FDCPA by not communicating in the validation notice that the debtor could dispute the debt in whole or in part. Id. at 778. The court found that "[t]he language of the notice [was] simply not sufficient to put a debtor on notice that he could dispute a portion of the debt." Id. (affirming the district court's holding on summary judgment that the debt collector violated section 1692g(a)(3)). In another analogous case, McCabe v. Crawford & Co., 272 F. Supp. 2d 736 (N.D. Ill. 2003), the court held that omission of the words "any portion" from the collection notice violated § 1692g(a)(4)). Id. at 744. The court explained that "Congress clearly felt that the words 'any portion' were needed in the validation notice to inform the debtor of his rights or it would not have required the words to be put in the notice." Id. (granting summary judgment to plaintiff on this FDCPA violation claim).

Defendant cites to an unpublished case–the only case in the Third Circuit that addresses the omission of the "any portion thereof" language–that this Court finds to be distinguishable from the present action. In Bezpalko v. Gilfillan, Gilpin & Brehman, No. Civ. A. 97-4923, 1998 WL 321268 (E.D. Pa. June 17, 1998), Judge Reed granted summary judgment to the defendant debt collectors on the plaintiff's FDCPA claims, including that the validation notice did not inform him that he could dispute a portion of the debt. Id. at *6. Judge Reed held that although

the letter did not "explicitly state[] that a portion of the bill could be disputed,"  it did not violate the FDCPA "given the circumstances surrounding the letter as well as the prior dealings between the parties." Id. at *6.  The plaintiff in Bezpalko had extensive dealings with the doctor to whom the debt was owed regarding payment, and also spoke to the doctor's debt collector before the validation notice was mailed.  Id. at *1-2, 4.

This Court respectfully finds that considering the parties' prior interactions is not consistent with the Third Circuit inquiry into whether the validation notice would effectively inform the least sophisticated debtor of his rights under the FDCPA.  Nevertheless, even if prior dealings were properly considered, Bezpalko is distinguishable from the instant case, in which there are no allegations of any surrounding circumstances or prior dealings between the parties that would affect interpretation of the collection notice.

 The other case that Defendant cites in support of his argument is Smith v. Transworld Systems, Inc., 953 F.2d 1025 (6th Cir. 1992), in which the Sixth Circuit held that a validation notice stating, "All portions of this claim shall be assumed valid unless disputed within thirty days," sent the "implicit [message] that the claim can be wholly, or partially, challenged" and satisfied the FDCPA.  Id. at 1029 (affirming summary judgment for the debt collector).

In this case, unlike Transworld, neither "portion" nor any synonymous term or phrase appears in the notice from which the least sophisticated debtor might implicitly deduce that he could partially dispute the debt.  From the facts alleged in Plaintiff's Complaint, a reasonable jury could conclude that the least sophisticated debtor would be deceived by the absence of language that he may dispute merely a portion of the debt.

VI.     Conclusion

For the reasons stated above, the Court will deny Defendant's Motion to Dismiss. An appropriate Order follows.

O:\CIVIL 09-10\10-6889 Dutterer v. Thomas Kalperis\Dutterer MTD.wpd